UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                        |
MARK AND NAESHA LEYS,                   |   Case No. 1:08-cv-1084
                                        |
    Plaintiffs,                         |   Chief Judge Paul L. Maloney
                                        |
    v.                                   |
                                        |
LOWE'S HOME CENTERS, INC.,              |
                                        |
    Defendant.                           |
                                        |
_____

## Order

### Ordering the Defendant to Show Cause Why this Case Should Not Be Remanded to State Court for Lack of Subject-Matter Jurisdiction

Mark Leys and his wife Naesha Leys (together, "Leys") sued Lowe's Home Centers, Inc. ("Lowe's") in Michigan state court, and Lowe's filed a notice purporting to invoke this court's diversity removal jurisdiction.[1] For the reasons that follow, the court determines that the defendant has not yet presented evidence sufficient to permit the factual findings needed for diversity removal jurisdiction.[2]

---

[1] The court assumes, without deciding, that Lowe's notice was timely.

[2] There is substantial persuasive authority that the court is obligated to base its subject-matter jurisdiction determination on the allegations of the complaint and on competent evidence submitted by the defendant contemporaneously with the notice of removal. *See, e.g., Lichfield v. Int'l Survivors Action Comm.*, 2005 WL 1484520, *1 (D. Utah June 22, 2005) ("Defendants' Notice of Removal states, without citing to any underlying facts in support, that the amount in controversy meets the $75,000.00 requirement. Defendants now rely on affidavits . . . . *Because the court must determine whether it has subject matter jurisdiction based on the complaint and notice of removal,*

Title 28 U.S.C. § 1441 authorizes defendants to remove cases to federal district court if there exists diversity or federal-question jurisdiction. Section 1441 provides, in its entirety:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

"Not only *may* a court raise subject-matter jurisdiction *sua sponte*, it must." *CMS North America, Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F. Supp.2d 619, 632 (W.D. Mich. 2007) (Paul L. Maloney, J.) (citing *Clark v. Mindis Metals, Inc.*, No. 95-5517, 99 F.3d 1138, 1996 WL 616677, *3 (6th Cir. Oct. 24, 1996) ("Neither party has raised the jurisdictional issue this case presents, but it is axiomatic that we *must* raise issues of subject-matter jurisdiction *sua sponte*.") (emphasis in original) (citing *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994))).

The Supreme Court confirms that the removal statutes permit a district court to remand *sua sponte* where the removing defendant has not carried its burden of establishing removal jurisdiction:

---

*it does not consider the materials submitted by the Defendants post-removal.*") (emphasis added); *Mattel, Inc. v. Bryant*, 441 F. Supp.2d 1081, 1091 n. 11 (C.D. Cal. 2005) ("Because these arguments did not appear in the notice of removal, the court need not consider them."), *aff'd o.g.*, 446 F.3d 1011 (9th Cir. 2006).  Nonetheless, the court will afford the defendant an opportunity to submit now the allegations and supporting evidence that it could and should have submitted with its notice of removal.

> The statutory section . . . deals, not with the question of what is removable, but with the procedures that a federal court is to follow after removal occurs. It is entitled: "Procedure after removal generally." § 1447. In substance, *the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason*, e.g., because the removal took place after relevant time limits had expired. *For the latter kind of case, there must be a motion to remand* filed no later than 30 days after the filing of the removal notice. § 1447(cc). *For the former kind of case, remand may take place without such a motion and at any time. Ibid.*

*Wisconsin DOC v. Schacht*, 524 U.S. 381, 392 (1998) (emphasis added). Exercising this authority, this court has previously raised *sua sponte* the lack of definitive pleading or proof of the amount in controversy needed for diversity removal. *See Pellowe v. Conseco Senior Health Ins. Co.*, 2006 WL 1308094, *1 (W.D. Mich. May 9, 2006) (Enslen, J.) ("Plaintiff's Motion to Remand focuses exclusively on removal procedure, arguing specifically that Defendant's removal was untimely under 28 U.S.C. § 1446(b). While this may be so, the Court perceives another ready defect in Defendant's Notice of Removal: the amount in controversy in this action does not exceed $75,000.").

Indeed, failure to remand *sua sponte* in the absence of clear subject-matter removal jurisdiction can be reversible error. *See Probus v. Charter Comms., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007)(district court erred by failing to remand *sua sponte* for lack of diversity removal jurisdiction) ("[D]espite Probus's failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction.") (citing *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006)); *Lexington-Fayette Urban Cty. Gov't Civil Comm'n v. Overstreet*, 115 F. App'x 813, 817-18 (6th Cir. 2004) (district court erred by failing to remand *sua sponte* for lack of federal-question removal jurisdiction).

The allegations of the Leys' complaint are insufficient to permit three of the findings needed for diversity removal jurisdiction: a finding that the parties are diverse, a finding that Lowe's is not a citizen of Michigan, and a finding that more than $75,000 is in controversy exclusive of counterclaims, fees and costs, and interest. Moreover, even if the court considered Lowe's notice of removal as a supplement to the complaint, the notice fails to supply competent evidence which would permit the court to make these three jurisdictional findings.

**The first obstacle to diversity removal jurisdiction is that the court cannot be confident that the parties are citizens of different States**, as required by 28 U.S.C. § 1332. The complaint does not specify the citizenship of the plaintiffs, Mark and Naesha Leys. The complaint alleges only that they are "residents of the City of Wyoming, County of Kent, State of Michigan." Complaint dated Oct. 13, 2008 and filed Oct. 17, 2008 in Kent County Circuit Court ("Comp") ¶ 1.

"For purposes of diversity jurisdiction, residency does not necessarily prove citizenship."[3] *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (Maloney, J.) (citing *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)). For this purpose, state citizenship is a matter not of residency but of domicile. *Nat'l City Bank v. Aronson*, 474 F. Supp.2d 925, 931 (S.D. Ohio 2007) (citing, *inter alia*, *Gilbert v. David*, 235 U.S. 561 (1915)). *See also Wolf*, 519 F. Supp.2d at 676 n. 1 (quoting *Deasy*, 47 F. App'x at 728 ("'To establish the citizenship required for diversity jurisdiction, Deasy must show more than mere

---

[3]

*See also Herrick v. Liberty League Int'l*, 2008 WL 2230702, *7 n.6 (S.D. Ohio May 28, 2008) ("[R]esidency does not equal citizenship.") (citations omitted); *see, e.g., Kuntz v. City of Dayton*, No. 95-3938, 99 F.3d 1139, 1996 WL 607148 (6th Cir. 1996) (p.c.) (Jones, Ryan, & Moore, JJ.) (noting, "The district court dismissed the suit for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), reasoning that Kuntz had failed to allege diversity as he did not allege *citizenship* in a state other than Ohio, but merely *residency* in the state of New York.") (emphasis added).

Tennessee residence. He must show that Tennessee is his domicile. To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.'") (citations omitted)); *see, e.g., Deese v. Hundley*, 232 F. Supp. 838 (D.S.C. 1964) (remanding for lack of diversity) (although plaintiff was a South Carolina native, had a valid South Carolina driver's license, and stated that he was a citizen of South Carolina, the court found that Florida was his domicile because, *inter alia*, he and his wife had contracted to buy a home in Florida).

Considering the allegations of the complaint *and* the notice of removal and its attachments, then, the court cannot rule out the possibility that the Leys and Lowe's are citizens of the same state, and the court cannot simply assume that they are not. *See Ellis v. Kaye-Kibbey*, 2008 WL 2696891, *2 (W.D. Mich. July 1, 2008) (Maloney, J.) ("On the present record, then, the court cannot rule out the possibility that Ellis and Kaye are citizens of the same state, and the court cannot simply assume that they are not.") (citing *Tsesmelys v. Dublin Truck Leasing Corp.*, 78 F.R.D. 181, 182 (E.D. Tenn. 1976) ("[A]llegations of the citizenships of the parties . . . is of the essence of jurisdiction and, being so essential, their absence can neither be overlooked nor supplied by inference.") (citations omitted)).

*Accord Royal Ins. Co. of America v. Caleb V. Smith & Sons, Inc.*, 929 F. Supp. 606, 608 (D. Conn. 1996) ("Allegations of complete diversity must be apparent from the pleadings.") (citing FED. R. CIV. P. 8(a)(1) and *John Birch Society v. NBC*, 377 F.2d 194, 197-99 (2d Cir. 1967)).

**Likewise, the complaint does not allege facts sufficient to establish the citizenship of defendant Lowe's.** The caption calls Lowe's "a foreign corporation", but the body of the complaint alleges only that Lowe's "is a foreign corporation conducting business and having business locations

in the metropolitan Grand Rapids area, including the City of Grandville, County of Kent, State of Michigan." Comp ¶ 2. The complaint does not allege Lowe's principal place of business ("PPB").

Even if the court considered the assertions of Lowe's removal notice, Lowe's fails to allege its own PPB. It asserts only, "Plaintiffs are citizens of the State of Michigan and Defendant Lowe's is a corporation incorporated under the laws of the State of North Carolina." Removal Notice ¶ 4.

In any event, even if Lowe's counsel had asserted in the removal notice that Lowe's had its PPB in some State other than Michigan, such an assertion *by counsel* alone would not be competent evidence on the issue. *Cf. Nickelberry v. DaimlerChrysler Corp.*, 2006 WL 997391, *1 (N.D. Cal. Apr. 17, 2006) (in trying to show that removal based on diversity was proper, "DCC relies exclusively on an unsworn statement, made by counsel . . . , that such defendant has its principal place of business in Oklahoma. Such unsworn statement is inadmissible to prove . . . citizenship . . . .") (citing *EOTT Energy Operating Ltd. P'ship v. Winterthur Swiss Ins. Co.*, 257 F.3d 992, 998 (9th Cir. 2001) (holding that counsel's unsworn assertions that defendant was an instrumentality of a foreign state, and thus entitled to removal, was "not part of the factual record")).

In the absence of sufficient pleading by the complaint, the removal notice's failure to provide competent evidence as to Lowe's PPB is fatal to a finding of diversity, because "[t]he general rule is that for the purpose of determining diversity jurisdiction and removability, a corporation is deemed to be a citizen both of any state where it is incorporated *and* the state where it maintains its [PPB]." *Poly-Flex Const., Inc. v. Neyer, Tiseo & Hindo, Ltd.*, 2008 WL 793759, *3 (W.D. Mich. Mar. 24, 2008) (Paul L. Maloney, J.) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)).[4]

---

4

*See, e.g., Am. Motorists Ins. Co. v. Am. Employers Ins. Co.*, 600 F.2d 15, 16 (6th Cir. 1979) (not enough for complaint to assert that defendant was "licensed to do business and doing business in Louisiana"), *cited by Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 n.30 (6th Cir. 2004);

**The second obstacle to diversity removal jurisdiction is related to the first.** Again because of the complaint and removal notice's failure to allege (let alone prove) facts needed to establish Lowe's citizenship, the court cannot find, based on the complaint, that Lowe's at the time of removal was not a citizen of Michigan. This is fatal to removal jurisdiction because, an action which does not present a federal question[5] is removable "*only if none of the* parties in interest properly joined and served as *defendants is a citizen of the State in which the action is brought.*" *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83-84 (2005) (quoting 28 U.S.C. § 1441(b)) (emphasis

---

*Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (allegation that corporation has "an office" in NY was insufficient to establish that NY was its PPB));

*Poly-Flex*, 2008 WL 793759 at *3 (Maloney, J.) ("It is not enough for Poly-Flex to allege that it has 'an address of . . . Texas' or that NTH has 'a registered address of . . . Michigan,' . . . .");

*Barlow v. K.L. Harring Transp.*, 2006 WL 3104705, *1 (E.D. Mich. Oct. 31, 2006) (Cleland, J.) ("A document listing a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or *its principal place of business*. . . .") (citing *Johnson v. Pharmacia & Upjohn Co.*, 1999 WL 1005653, *4 (W.D. Mich. Oct. 12, 1999) (Quist, J.));

*Smith v. Intex Recreation Corp.*, 755 F. Supp. 712 (M.D. La. 1991) (allegation that defendant was a California corporation having business at a particular address in California was insufficient to establish citizenship), *aff'd w/o op.*, 1994 WL 24927 (5th Cir. Jan. 7, 1994);

*Lindsey v. Rice*, 2005 WL 3275918, *2 (D.D.C. Sept. 25, 2005) (defendant's mailing address provided no basis for court to ascertain principal place of business);

*Vays v. Ryder Truck Rental, Inc.*, 240 F. Supp.2d 263, 265 (S.D.N.Y. 2002) (not sufficient to allege that corporation is licensed to do business in or does business in a state) (citation omitted).

[5] The court determines that the complaint does not present a federal question. The complaint does not invoke any federal treaty, statute or regulation. The lone count is entitled "negligence" and seeks recovery for breaching the duty of due care by failing to maintain the store's premises in reasonably safe condition, failing to adequately inspect the premises for hazards such as the build-up of ice on the roof, failing to warn business invitees of the risk posed by the condition and how to minimize the risk, failing to remedy the condition after having actual or constructive notice, and "[o]therwise violating Michigan common and/or statutory law." Comp ¶¶ 10-11. Naesha Ley also seeks common-law recovery for loss of consortium. Comp ¶ 15.

added).[6]  Section 1441(b) prohibits removal by an in-state defendant even if the parties are completely diverse.  *See JP Morgan Chase Bank, N.A. v. Pistole*, 2008 WL 94761, *1 (E.D. Mich. Jan. 9, 2008) ("This provision prohibits removal by Defendant of the Michigan state court action because he is a Michigan [citizen]. * * * § 1441(b) bars removal by a citizen of the forum state regardless of whether there is complete diversity between the parties or whether the amount in controversy requirement is met.").

**The third obstacle to diversity removal jurisdiction is that the complaint, by its terms, does not expressly seek in excess of $75,000** (exclusive of attorneys' fees, costs, and interest) as required for diversity *removal* jurisdiction.  The complaint states only that "the amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorney fees . . . ." Comp ¶ 4. When a statute conditions federal court jurisdiction on the satisfaction of an amount in controversy requirement, the failure to meet that specified amount divests the federal court of subject matter jurisdiction.[7]  *Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (citing *St. Paul Mercury*

---

[6]

*See, e.g., Chase Manhattan Mortg. Co. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (in case removed from Ohio state court, Circuit remarked, "[Defendants] were citizens of Ohio and thus barred from invoking removal jurisdiction on the basis of diversity.") (citing 28 U.S.C. § 1441(b));

*Dellinger v. Atlas Techs., Inc.*, No. 92-2091, 9 F.3d 107, 1993 WL 438648, *1 (6th Cir. Oct. 28, 1993) (Keith, Nelson, Ryan) ("Since Atlas Technologies, Inc. is a citizen of Michigan, the state in which Dellinger's action was brought, removal was improvident.");

*Concept One Int'l, Inc. v. Nippecraft, Ltd.* 1997 WL 483248, *10 (W.D. Mich. Feb. 14, 1997) (Hillman, J.) (one defendant was a Michigan corporation, so § 1441(b) precluded diversity removal).

[7]

Many Sixth Circuit decisions refer to the principle that in determining whether the jurisdictional amount-in-controversy requirement has been met, dismissal is justified only when it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount. As Judge Quist has pointed out, "This, however, is the standard for considering the amount-in-

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

This is fatal to diversity removal jurisdiction when applied in conjunction with the rule that "[i]n determining whether Section 1332's 'amount in controversy' requirement is met, federal courts look to the amount alleged *in the complaint* . . . ." *Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001) (emphasis added) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) and *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)).[8] *See, e.g., Hartman v. Conseco Senior Health Ins. Co.*, 2008 WL 2557250, *2 (S.D. Ohio June 23, 2008) (Rose, J.) ("A damages demand that seeks actual damages and punitive damages both in excess of $10,000 does not affirmatively establish that the amount in controversy exceeds $75,000.") (citation omitted).

**Lowe's notice of removal states that, "Based on the injuries alleged . . . , the amount in controversy exceeds well over $75,000."** Notice of Removal dated Nov. 19, 2008, ¶ 7.

**Lowe's notice of removal also contends that "Based on . . . Plaintiff's previous settlement demand, the amount in controversy exceeds well over $75,000."** Notice of Removal dated Nov. 19, 2008, ¶ 7. This argument is foreclosed by binding precedent. In our circuit, removal

---

controversy [only] when a plaintiff originally files an action in federal court." *Baraga Telephone Co. v. American Cellular Corp.*, 2006 WL 1982637, *4 n.3 (W.D. Mich. July 12, 2006). By contrast, "[w]here a defendant removes an action that the plaintiff filed in state court," there is no presumption that the amount has been satisfied, and "it is the defendant's burden 'to show by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Id.* (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

[8]

The full rule is that "[i]n determining whether Section 1332's 'amount in controversy' requirement is met, federal courts look to the amount alleged in the complaint, *unless it appears that the plaintiff in good faith cannot claim that amount*." *Mitan*, 23 F. App'x at 297 (citing *Horton*, 367 U.S. at 353, and *Klepper*, 916 F.2d at 340) (emphasis added). But the italicized bad-faith proviso does not apply in this context, where it is the defendant insisting that the amount-in-controversy is satisfied. The bad-faith proviso is designed to prevent a plaintiff from alleging an unrealistically *high* amount in controversy in order to manufacture diversity jurisdiction where none exists.

is proper only if federal jurisdiction existed at the time of removal, *without considering subsequent events*, whether caused by the plaintiffs or beyond their control. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (Richard Allen Griffin, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) and *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). The alleged settlement offer by the Leys is just such a "subsequent event" which this court is prohibited from considering when determining whether removal was proper.[9]

Similarly, the court cannot consider Lowe's allegation that its counsel "contacted Plaintiffs' counsel on November 18, 2008 requesting that Plaintiffs stipulate that their claim does not exceed $75,000, but Plaintiffs' counsel refused to so stipulate", Notice of Removal ¶ 8, because any such refusal to stipulate would have occurred after the filing of the complaint. *See Riley v. Sodexho, Inc.*, 2007 WL 2592220, *2 (E.D. Ky. Sept. 5, 2007) (discussing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 870-73 (6th Cir. 2000) (court could not consider plaintiff's post-removal stipulation that he was not seeking more than $75,000)).

**Apart from this court's own reasoning, the conclusion that the complaint and removal notice as they stand do not support diversity removal jurisdiction is supported by a published Sixth Circuit decision, *Palkow v. CSX Transp., Inc.*, 431 F.3d 543 (6th Cir. 2005)**, *reh'g & reh'g en banc denied* (6th Cir. Feb. 16, 2006). *Palkow* held that diversity removal jurisdiction did not exist

---

[9]

Even jurisdictions which permit consideration of a plaintiff's settlement offer when determining the amount in controversy for removal purposes, require *evidence* of the offer, not merely a conclusory assertion that the plaintiff made such an offer. *See MacPhail v. Deere & Co.*, 529 F.3d 947, 956-57 (10th Cir. 2008) ("[C]orrespondence between counsel that was incorporated in the notice of removal demonstrates that [plaintiff]'s attorneys also believed the amount in controversy 'very well may be' in excess of $75,000. * * * The district court was therefore correct in concluding that Deere proved . . . that more than $75,000 was in controversy.").

where the complaint sought damages which the complaint described only as being "in excess of $25,000", like the Leys' complaint here.

Palkow brought suit in Ohio state court, claiming that the defendant had committed perjury in an earlier federal lawsuit. *Palkow*, 431 F.3d at 544. Palkow claimed that the defendant's perjury had directly injured her by affecting the outcome of the jury verdict in the earlier trial. *Id.* at 544-45. "As relief, Palkow requested compensatory damages in excess of $25,000." *Id.* at 545. The defendant removed to federal court on the basis of federal-question jurisdiction, contending that

> Palkow's state court action in reality constitutes an attack on the federal jury verdict and resulting judgment as well as the taxation of costs, pursuant to Rule 60 of the [FED. R. CIV. P.], and thus Palkow's claims involve a general federal question subject to removal to this Court.

*Palkow*, 431 F.3d at 545. Holding that federal jurisdiction was not justified by the presentation of a federal question or by complete preemption, the Sixth Circuit ordered the district court to remand the case to state court. *Id.* at 548-56.

Most important for our purposes, the Circuit directly and emphatically rejected the notion that the generic prayer for relief of the state-court complaint could support diversity jurisdiction where it did not expressly seek an amount exceeding $75,000. The panel wrote simply,

> There is no dispute that *diversity jurisdiction does not exist*. It is undisputed that Ms. Tavares and Mr. Crawford are non-diverse defendants *and only an amount 'in excess of $25,000' is alleged as the amount in controversy*.

*Id.* at 548 n.5 (emphasis added). This language makes clear that the panel viewed the inadequacy of the complaint's amount-in-controversy statement as defeating diversity jurisdiction, independent of the lack of diverse citizenship. Otherwise, the panel would have mentioned only the lack of diverse citizenship.

Therefore, exercising diversity jurisdiction over the Leys' complaint, as it is worded, without

competent specific evidence of diversity facts, would contravene *Palkow*. Like the Court of Appeals itself, this court is obligated to follow a published decision of the Sixth Circuit. *See US v. Lacefield*, 250 F. App'x 670, 676 (6th Cir. 2007) (Richard Allen Griffin, J.) (citing *US v. Clinton*, 338 F.3d 483, 489 (6th Cir. 2003) and 6TH CIR. R. 206©, *cert. denied*, – U.S. –, 128 S.Ct. 941 (2008).

**Finally, the court adheres to the venerable principle that "'all doubts should be resolved against removal.'"** *Blankinship v. BPB Mfg., Inc.*, 2008 WL 2796084, *1 (W.D. Mich. July 18, 2008) (Bell, C.J.) (quoting *Harnden*, 496 F.3d at 581 (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2007))). *See also Sheridan v. New Vista, LLC*, 406 F. Supp.2d 789, 792 (W.D. Mich. 2005) (Quist, J.) and *In re Estate of Lewis*, 2005 WL 3542653, *3 (W.D. Mich. Dec. 7, 2006) (Wendell Miles, J.) (both citing *Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The removal petition is to be strictly construed, with all doubts resolved against removal.") (citing *Wilson v. USDA*, 584 F.2d 137, 142 (6th Cir. 1978))).[10]

The United States Supreme Court has explained the rationale for this rule:

> The power reserved to the [S]tates under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in comformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. *Healy v. Ratta*, 292 U.S. 263, 270 . . . .

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). In other words, "removal statutes are strictly construed 'to promote comity and preserve jurisdictional boundaries between state and federal courts.'" *CMS North America, Inc. v. DeLorenzo Marble & Tile Co.*, 521 F.

---

[10] *Accord Geisman v. Aestheticare, Inc.*, 2008 WL 961272, *6 (D. Kan. Apr. 9, 2008) ("Because the court applies a presumption against removal jurisdiction, it may deny such jurisdiction 'if not affirmatively apparent from the record.'") (quoting *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 F. App'x 775, 778 (10th Cir. 2005)).

Supp.2d 619, 621 (W.D. Mich. 2007) (Maloney, J.) (quoting *Sheridan*, 406 F. Supp.2d at 792 (citing *Alexander v. EDS Corp.*, 13 F.3d 940, 949 (6th Cir. 1994))).[11]

Thus, if the court had to rule on the presence of diversity jurisdiction on the current sparse record, it would not exercise removal jurisdiction in the face of such uncertainty as to those factors.

The Leys' Alleged Refusal to Stipulate that They Are Not Seeking More Than $75,000

Finally, Lowe's notice of removal alleges that defense counsel asked the Leys to stipulate that they are not seeking more than $75,000 in total damages and that the Leys refused to do so. Even if that is true, it has no bearing on the propriety of removal. *See Halstead v. Southerncare, Inc.*, 2005 WL 2261454, *2 (W.D. Mich. Sept. 16, 2005) (Quist, J.) (rejecting defendants' contention that plaintiff's failure to stipulate that he was not seeking more than $75,000 amounted to an admission that he *was* in fact seeking more than $75,000 for purposes of diversity removal) (collecting cases); *accord Gramc v. Millar Elevator Co. / Schindler Enters.*, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998) ("This court does not require a plaintiff to stipulate that the amount in controversy will not exceed $75,000.00 as a prerequisite to remand . . . . Plaintiff's refusal to so stipulate does not, of itself, establish the requisite amount in controversy."). For one thing, the court is to look at the facts as they existed at the time of removal, and any stipulation now would be post-removal. *Dobson v. United Airlines, Inc.*, 2002 WL 31689365 (N.D. Cal. Nov. 25, 2002) cogently explained another rationale for refusing to consider a plaintiff's refusal to stipulate that damages are below the diversity-jurisdiction threshold:

---

[11]

*Accord Lindsey v. AGL&A Ins. Co.*, 133 F. Supp.2d 1271, 1273 (M.D. Ala. 2001) ("[B]ecause *removal jurisdiction raises serious federalism concerns*, federal courts are directed to construe removal statutes strictly, with all doubts about jurisdiction resolved in favor of remand to state court.") (emphasis added) (citing *Univ. of So. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

> Since a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal. The burden is on defendants, not the plaintiff, to prove the amount in controversy. If the Court were to conclude that a plaintiff's refusal to stipulate is sufficient to satisfy that burden, defendants in every removal dispute would force the plaintiffs to choose between stipulating against their future remedies and remaining in federal court.

*Id.* at *1 (internal citations omitted).

<u>Notice of Removal Fails to Present Competent Evidence for Speculative Assertion that Success on the Leys' Claims Would Likely Bring Them More than $75,000</u>

The notice of removal presents no specific, competent evidence to support its bare assertion that success would bring the Leys more than $75,000. As Judge Quist has remarked, "a defendant's mere conclusory statement on information and belief at the time of filing the notice of removal is not sufficient to establish this court's removal jurisdiction." *Halstead*, 2005 WL 2261454 at *2 (citing, *inter alia*, *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994)). *Accord Geisman v. Aestheticare, Inc.*, 2008 WL 961272, *6 (D. Kan. Apr. 9, 2008) ("Aestheticare must set forth in the notice of removal the underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional minimum.") (citing *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (defendant had to present evidence of jurisdictional facts in removal notice, not in post-removal filings such as a brief in opposition to a motion to remand) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992))).

Nor can Lowe's point to the number or variety of claims and types of damages sought as evidence that the amount in controversy somehow "must" exceed $75,000. Judge Quist illustrated this point by rejecting a removing defendant's argument that "it seems disingenuous considering the catalogue of alleged acts of tortious interference and defamation set forth in the complaint, for

plaintiff to claim he does not seek damages in excess of $75,000." *Halstead*, 2005 WL 2261454 at *2 (record citation omitted). The complaint *Halstead* alleged tortious interference with three specific clients and defamatory statements made to the plaintiff's current employer, his existing clientele, and his prospective clientele, and the plaintiff alleged that the interference and defamation had caused him "emotional distress, humiliation, defamation, anxiety, damage to his professional reputation in the medical and hospice communities, and loss of income." *Halstead*, 2005 WL 2261454 at *2 (record citation omitted). Judge Quist stated, "This argument fails because it relies solely on speculation. Defendants' burden of proof is 'more likely than not', not 'it could happen.' Nothing in the complaint indicates the amount of damages or indicates that they even begin to approach $75,000." *Id.* at *2. *Accord C & E, Inc. v. Friedman's Jewelers, Inc.*, 2008 WL 64632, *2-3 (S.D. Ga. Jan. 4, 2008) (allegation that defendant sent facsimiles to "hundreds, if not thousands" of recipients in violation of state consumer-protection act did not suffice to establish amount in controversy over $75,000, even though complaint sought statutory treble damages of $1,500 per facsimile) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220-21 (11th Cir. 2007)).

Judge Lawson has elaborated on the type of proof that a defendant must submit to meet this burden, and Lowe's submitted no such proof with its removal notice. In *Varga v. Heartland Hospice Servs., Inc.*, 2007 WL 2493762 (E.D. Mich. Aug. 27, 2007), Judge Lawson explained:

> [C]ourts will not consider mere conclusions without factual support when considering [a removing defendant's attempt to show that the] amount in controversy requirement" is satisfied. *See Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990) (holding that the "Defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of all the Defendant's affirmative defenses") . . . . Relevant facts include specific information about the plaintiff's injury (which in this case would require information regarding her salary) and the

-15-

size of judgments received by other plaintiffs with similar claims.

*Id.* at *8. *See also Tippett v. Amica Mut. Ins. Co.*, 2006 WL 156173 (E.D. Mich. Jan. 20, 2006) (Duggan, J.) (remanding case to state court where complaint alleged only that damages would exceed the state-court jurisdictional minimum of $25,000 and defendant failed to carry its burden of showing that the unquantified damages sought by the complaint would likely exceed $75,000):

> [A]bsent a specific allegation in the complaint of the amount of damages sought for emotional distress or damage to the Plaintiff's reputation, Defendant must prove facts to support federal jurisdiction. *See Bower v. American Cas. Co. of Reading, Pa.*, [6th Cir. Aug. 6, 2001) (finding notice of removal defective where defendant failed to prove facts to support its "belief" that the Plaintiff's $10,000 breach of contract claim, plus plaintiff's claim for punitive damages in an unspecified amount, established the amount in controversy); *see also Dulin v. Trans Union Credit Info. Co.*, 935 F.2d 269, 1991 WL 100584, at *2 (6th Cir. June 11, 1991) (finding that a claim for $4,000 plus punitive damages in an unspecified amount does not satisfy the amount-in-controversy requirement). Consequently, Defendant's Notice of Removal was defective at the time it removed this action from state court.

*Id.* at *2. *See also Davis v. BASF Corp.*, 2003 WL 23018906 (E.D. Mich. Nov. 24, 2003) (remanding case to state court) (finding that defendant failed to carry burden of showing that amount in controversy was more than $75,000, even though lost wages were quantified at $60,084 at time of removal (based on the removal notice's statement that plaintiff's annual salary was $42,000) and the plaintiff was also seeking damages for lost benefits, suffering, humiliation, and other harms, because the defendant failed to present evidence as to the monetary value of those items).[12]

---

[12]

*See also, e.g., Coleman Advertising, Inc.*, 2003 WL 345368 (E.D. Mich. Jan. 31, 2003) (Hood, J.) ("Since Plaintiff's Complaint states that the amount in controversy exceeds $25,000.00 and Defendant Walker's pleadings do not include any facts or allegations to support a damages amount in excess of $75,000.00, the Court cannot find that diversity jurisdiction exists, despite the fact that Defendant[s] both reside and are located, respectively, in the state of Washington. Defendant's conclusory statements in its removal petition are insufficient.") (citing *Nat'l Nail Coop. v. Moore*, 139 F. Supp.2d 848, 850-51 (W.D. Mich. 2001));

*Seagert v. Smith*, 2004 WL 539159, *2 (E.D. Mich. Mar. 15, 2004) (Lawson, J.) ("The Court

**ORDER**

No later than 28 days after entry of this Order, the defendant **SHALL FILE** competent, specific evidence showing cause why this case should *not* be remanded to the Circuit Court for Kent County, Michigan pursuant to 28 U.S.C. § 1447, subsection c, for lack of subject-matter jurisdiction.

If the defendant fails to file a response by that time, the case will be remanded to state court.

No later than 14 days after Defendant files its pleading, the plaintiffs **MAY FILE** a brief and supporting materials in opposition, explaining why this case *should* be remanded.

This is not a final order, so it is not immediately appealable.

**IT IS SO ORDERED this 9th day of January, 2009**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

does not rule out the possibility that the plaintiff's claim could in fact be worth more than $75,000. However, the removal petition must state facts, not mere conclusions, that enable the Court to determine that the jurisdictional requirements have been satisfied.") (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001));

*Rodgers v. CitiMortgage*, 2005 WL 1038800, *1, *2 (E.D. Mich. Apr. 26, 2005) (Gadola, J.) ("Plaintiff's complaint demands an undetermined amount of damages in excess of $25,000.00 . . . . This unspecified amount is not self-evidently greater than $75,000.00. The notice of removal asserts that the amount in controversy exceeds the sum of $75,000.00. * * * The aggregation of unspecified amounts does not total a specified, definite amount. * * * The Sixth Circuit has articulated the need for 'competent proof' of jurisdictional allegations.") (citing *Gafford v. GE Co.*, 997 F.2d 150, 160 (6th Cir. 1993));

*Schoenfelder, Inc. v. Allstate Ins. Co.*, 2005 WL 2001168, *2 (W.D. Mich. Aug. 18, 2005) (Bell, C.J.) ("At best Defendant has shown that the amount at issue under contract is $57,346.18. * * * Defendant's argument that the addition of attorney fees and punitive damages are sufficient to meet the amount in controversy is unconvincing because *Defendant has not identified any facts, statutes or agreements* that would support the award of either attorney fees or punitive damages under the facts of this case.") (emphasis added) (citations omitted).