UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK AND NAESHA LEYS, | Case No. 1:08-cv-1084 |
| Plaintiffs, | Chief Judge Paul L. Maloney |
| v. | |
| LOWE'S HOME CENTERS, INC., | |
| Defendant. | |

**<u>Opinion and Order</u>**

**Determining that the Defendant has Established Diversity Jurisdiction**

Mark Leys and his wife Naesha Leys (together, "Leys") sued Lowe's Home Centers, Inc. ("Lowe's") in Michigan state court, and Lowe's filed a notice invoking this court's diversity removal jurisdiction.[1]  For the reasons that follow, the court determines that Lowe's has met its burden of establishing diversity, and the case will proceed here rather than being remanded to state court.

Title 28 U.S.C. § 1441 authorizes defendants to remove cases to federal district court if there exists diversity or federal-question jurisdiction.[2]  Section 1441 provides, in its entirety:

---

[1] The court assumes, without deciding, that Lowe's notice was timely.

[2] The court determined that the complaint does not present a federal question, *Leys v. Lowe's Home Ctrs., Inc.*, 2009 WL 80380, *4 n.5 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.), and Lowe's has not challenged that determination.

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court for the United States for the district and division embracing the place where the action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

"Not only *may* a court raise subject-matter jurisdiction *sua sponte*, it must."  *CMS North America, Inc. v. DeLorenzo Marble & Tile, Inc.*, 521 F. Supp.2d 619, 632 (W.D. Mich. 2007) (Maloney, J.) (citing *Clark v. Mindis Metals, Inc.*, 1996 WL 616677, *3 (6th Cir. Oct. 24, 1996) (citing *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994))).

The Supreme Court confirms that the removal statutes permit a district court to remand *sua sponte* where the removing defendant has not carried its burden of establishing removal jurisdiction:

> The statutory section . . . deals, not with the question of what is removable, but with the procedures that a federal court is to follow after removal occurs.  It is entitled: "Procedure after removal generally." § 1447.  In substance, *the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason*, e.g., because the removal took place after relevant time limits had expired.  *For the latter kind of case, there must be a motion to remand* filed no later than 30 days after the filing of the removal notice.  § 1447(cc).  *For the former kind of case, remand may take place without such a motion and at any time.  Ibid.*

*Wisconsin DOC v. Schacht*, 524 U.S. 381, 392 (1998) (emphasis added).  Exercising this authority, this court has previously raised *sua sponte* the lack of definitive pleading or proof of the amount in controversy needed for diversity removal jurisdiction.  *See Pellowe v. Conseco Senior Health Ins. Co.*, 2006 WL 1308094, *1 (W.D. Mich. May 9, 2006) (Enslen, J.) ("Plaintiff's Motion . . . argu[es]

specifically that Defendant's removal was untimely under 28 U.S.C. § 1446(b). While this may be so, the Court perceives another ready defect in Defendant's Notice of Removal: the amount in controversy . . . does not exceed $75,000.").

Indeed, failure to remand *sua sponte* in the absence of clear subject-matter removal jurisdiction can be reversible error. *See, e.g., Probus v. Charter Comms., LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (citing *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006)).

The allegations of the Leys' complaint are insufficient to permit three of the findings needed for diversity removal jurisdiction: a finding that the parties are diverse, a finding that Lowe's is not a citizen of Michigan, and a finding that more than $75,000 is in controversy exclusive of counterclaims,[3] fees and costs, and interest. Moreover, even if the court considered Lowe's notice of removal as a supplement to the complaint, the notice fails to supply competent evidence which would permit the court to make these three jurisdictional findings.

**Based on the Leys' complaint and Lowe's removal papers alone, the court could not be confident that the parties are citizens of different States**, as required by 28 U.S.C. § 1332. *See Ellis v. Kaye-Kibbey*, 2008 WL 2696891, *2 (W.D. Mich. July 1, 2008) (Maloney, J.) ("On the present record, then, the court cannot rule out the possibility that Ellis and Kaye are citizens of the same state, and the court cannot simply assume that they are not.") (citation omitted). The complaint does not specify the citizenship of the Leys. The complaint alleged only that they are "residents of the City of Wyoming, County of Kent, State of Michigan." Complaint dated Oct. 13, 2008 and filed Oct. 17, 2008 in Kent County Circuit Court ("Comp") ¶ 1.

---

[3] *See CMS*, 521 F. Supp.2d 619 (holding that amounts sought by counterclaims cannot be counted when determining whether the case presents the requisite amount in controversy).

"For purposes of diversity jurisdiction, residency does not necessarily prove citizenship." *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674, 676 n. 1 (W.D. Mich. 2007) (Maloney, J.) (citing *Deasy v. L & J Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002)). Citizenship is a matter not of residency but of domicile, *Gilbert v. David*, 235 U.S. 561 (1915), and "the burden of proving domicile rests with the party invoking the court's jurisdiction." *Vergote v. Dawson*, 2009 WL 94538, *6 (E.D. Mich. Jan. 13, 2009) (Sean Cox, J.) (citing, *inter alia*, *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968)). To acquire a domicile in a state, one "must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Wolf*, 519 F. Supp.2d at 676 n. 1 (citation and internal quotation marks omitted); *accord United Techs. Corp. v. Mazer*, – F.3d –, – n.16, 2009 WL 263329, *16 n.16 (11th Cir. Feb. 5, 2009) ("A . . . domicile is the place where a person has fixed an abode with the present intention of making it his or her permanent home.") (citations omitted).

Likewise, neither the Leys' complaint nor Lowe's removal papers alleged facts sufficient to establish Lowe's citizenship. The caption of the complaint calls Lowe's "a foreign corporation", but the body of the complaint alleges only that Lowe's "is a foreign corporation conducting business and having business locations in the metropolitan Grand Rapids area, including the City of Grandville, County of Kent, State of Michigan." Comp ¶ 2. The complaint does not allege the location of Lowe's principal place of business. Even if the court considered the assertions of Lowe's removal notice, Lowe's notice failed to allege its own principal place of business. The notice asserted only, "Plaintiffs are citizens of the State of Michigan and Defendant Lowe's is a corporation incorporated under the laws of the State of North Carolina." Removal Notice ¶ 4.[4]

---

[4]

*See, e.g., Am. Motorists Ins. Co. v. Am. Employers Ins. Co.*, 600 F.2d 15, 16 (6th Cir. 1979)

Accordingly, this court ordered Lowe's to show cause, no later than February 9, 2009, why this case should not be remanded to state court for lack of removal jurisdiction. *See Leys v. Lowe's Home Ctrs., Inc.*, 2009 WL 80380, *8-9 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.). On February 6, 2009, Lowe's timely filed a response to the order, with attachments supporting each assertion regarding the citizenship of the parties and the amount in controversy. Three weeks have passed since the Leys were electronically served with Lowe's response, and they have not filed a reply.

To establish that the Leys are citizens of Michigan, Lowe's begins with the complaint's allegation that they are Michigan residents but also presents unchallenged evidence that they jointly own a residence in Wyoming, Michigan, *see* Lowe's Response Ex A (Kent County, Michigan real-estate ownership records); that Ms. Leys is licensed to practice law in Michigan, owns a law firm named Leys Law Offices P.C. with an office in Michigan, and practices law regularly and continuously in Michigan, *see* Lowe's Response Ex B (State Bar of Michigan's online Membership Directory); and that both the Leys are registered to vote in Michigan, *see* Lowe's Response Ex C (Michigan Secretary of State voter registration records for Mark Leys born 1970 and Naesha Leys born 1971). Based on the complaint's allegation of residency combined with these submissions, the court finds that the Leys are citizens of Michigan for purposes of diversity jurisdiction.

To establish that Lowe's is not a citizen of Michigan, Lowe's now specifies that it is

---

(not enough for complaint to assert that defendant was "licensed to do business and doing business in Louisiana"), *cited by Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 880 n.30 (6th Cir. 2004); *Poly-Flex*, 2008 WL 793759 at *3 (Maloney, J.) ("It is not enough for Poly-Flex to allege that it has 'an address of . . . Texas' or that NTH has 'a registered address of . . . Michigan,' . . . ."); *Barlow v. K.L. Harring Transp.*, 2006 WL 3104705, *1 (E.D. Mich. Oct. 31, 2006) ("A document listing a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or *its principal place of business.* . . .") (citing *Johnson v. Pharmacia & Upjohn Co.*, 1999 WL 1005653, *4 (W.D. Mich. Oct. 12, 1999) (Quist, J.)).

-5-

incorporated in North Carolina and has its principal place of business in Mooresville, North Carolina. *See* Lowe's Response Ex D (North Carolina Secretary of State's online "Business Corporation Annual Report"). For the purpose of determining diversity jurisdiction, "a corporation is deemed to be a citizen both of any state where it is incorporated *and* the state where it maintains its principal place of business", *Poly-Flex Const., Inc. v. Neyer, Tiseo & Hindo, Ltd.*, 2008 WL 793759, *3 (W.D. Mich. Mar. 24, 2008) (Maloney, J.) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)), so the court finds that Lowe's is a citizen of North Carolina and not Michigan.

The third obstacle to diversity removal jurisdiction was that the complaint, by its terms, does not expressly seek in excess of $75,000 (exclusive of counterclaims, attorneys fees, costs, and interest) as required for diversity *removal* jurisdiction. The complaint states only that "the amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorney fees . . . ." Comp ¶ 4. For its part, Lowe's notice of removal stated that, "Based on the injuries alleged . . . , the amount in controversy exceeds well over $75,000", Notice of Removal dated Nov. 19, 2008, ¶ 7, but Lowe's failed to attach to its removal papers any *evidence* to support this bare assertion. *See Varga v. Heartland Hospice Servs., Inc.*, 2007 WL 2493762, *8 (E.D. Mich. Aug. 27, 2007) (Lawson, J.) (describing the type and quality of evidence that a removing defendant should submit to establish diversity jurisdiction if the complaint's allegations alone do not suffice).[5]

---

[5]

Lowe's removal notice asserted that the Leys had sought well over $75,000 to settle their claims. But this court declined to consider the alleged settlement offer because removal jurisdiction must be determined by the facts as they existed at the time that the complaint was filed, not by reference to later events. *See Leys v. Lowe's Home Ctrs., Inc.*, 2009 WL 80380, *4 (W.D. Mich. Jan. 9, 2009) (Maloney, C.J.) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (Griffin, J.) (citations omitted)). For the same reason, this court declined to consider Lowe's allegation that its counsel "contacted Plaintiffs' counsel on November 18, 2008 requesting that Plaintiffs stipulate that their claim does not exceed $75,000, but Plaintiffs' counsel refused to so stipulate", because the alleged refusal to stipulate occurred after the filing of the complaint (October

Lowe's now submits detailed hard evidence which convinces the court that the amount in controversy is very likely more than $75,000. Among other things, Lowe's provides statistics regarding jury verdicts and settlements between January 2004 and February 2009 for Michigan premises-liability cases where the plaintiff alleged a closed head injury, as Mr. Leys does here. The largest award in such a case during that period was over $838,000, and the average awards were about $150,000 in Monroe County, $167,000 in Macomb County, and $284,000 in Wayne County. *See* Lowe's Response at 2-3 and Ex E. Lowe's also identifies a Michigan premises-liability case where the plaintiff – who alleged post-concussion syndrome as Mr. Leys does here – recovered a settlement of $1.5 million. *See* Lowe's Response at 3 and Ex F (*Moss v. Kendallwood Apartments* (Oakland Cty. Feb. 1, 2004)). Finally, Lowe's presents statistics showing that in cases during this period where the plaintiff alleged humiliation, loss of use and enjoyment, emotional distress, and lost earnings – as Mr. Leys does – the average award was $594,000 in the U.S. District Court for the Eastern District of Michigan, $462,000 in Kalamazoo County courts, more than $312,000 in Genesee County, nearly $250,000 in Oakland County, $197,000 in Eaton County, more than $103,000 in Macomb County, more than $87,000 in Wayne County, etc. *See* Lowe's Response at 3 and Ex G.

In short, although "'all doubts should be resolved against removal,'" *Leys*, 2009 WL 80380 at *6 (citing, *inter alia*, *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2007)), Lowe's has dispelled any substantial doubt that the parties are diverse and have the requisite amount

---

17, 2008). *See Leys*, 2009 WL 80380 at *5 (citations omitted).

in controversy.

## ORDER

The court **DETERMINES** that it has diversity removal jurisdiction.

The case **SHALL NOT** be remanded to state court.

This is not a final order.

**IT IS SO ORDERED this 2nd day of March, 2009.**

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                Chief United States District Judge