UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARK LEYS, et al.,

        Plaintiffs,                        Case No. 1:08-cv-1084

-vs-

                                              Hon. Paul L. Maloney

LOWE'S HOME CENTERS, INC.,

        Defendant.

_____/

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

      This is a diversity personal injury action arising from injuries incurred when ice slid off the roof of a Lowe's store, striking plaintiff Mark Leys. By Case Management Order entered January 6, 2009, this court established July 1, 2009 as the discovery cut-off date and August 1, 2009 as the date for filing dispositive motions. Thereafter, the court informed the parties that it was unwilling to extend the discovery cut-off date for merits-based discovery. (Order, docket no. 39). The matter is now before the court on defendant's motion for protective order. The motion seeks relief from a notice of deposition served by plaintiffs on June 23, 2009, scheduling a complex Rule 30(b)(6) deposition of the defendant corporation for June 30, 2009, the day before discovery closes. Chief Judge Paul Maloney has referred the motion to me.

      The court cannot condone plaintiffs' exercise in eleventh-hour brinkmanship. The Federal Rules of Civil Procedure require "reasonable notice" of the taking of a deposition. Obviously, the question of reasonableness is contextual and depends upon, among other things, the complexity of the issues that the deposition is intended to address. *See In re Sulphuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005). Generally, eleven days' notice is considered reasonable, *see* FED.

R. CIV. P. 32(a)(5)(A), but this is not a hard-and-fast rule. In the present case, plaintiffs seek a Rule 30(b)(6) deposition of the corporation itself, necessitating the preparation of a witness to testify on the corporation's behalf concerning a variety of complex topics, including the architectural design of the roof in question, the history of similar accidents over a ten-year period, and the state of defendant's notice on a nationwide basis of customer complaints concerning ice and snow. The scope of the intended examination is daunting, and would require at least a month of research and preparation; plaintiffs' notice afforded defendant only four business days, which is patently unreasonable. Moreover, the deposition notice requires the production of voluminous documents. Although a deposition may properly seek production of documents from a party, the thirty-day period prescribed by Rule 34(a) nevertheless applies. FED. R. CIV. P. 30(b)(2). And, to make matters worse, plaintiffs expect defendant to appear in Grand Rapids for this last-minute complicated exercise.

Plaintiffs had six months to prepare their case, during which they were free to seek a deposition of the defendant corporation at any time, upon proper notice. Instead, they chose to schedule a complicated deposition and document production at the every last minute of the discovery period, in circumstances that would make compliance by defendant virtually impossible. The court will not force defendant to do the impossible, nor will it reward plaintiffs' dilatory conduct by extending the discovery deadline to allow the deposition to be taken on a more reasonable schedule. If plaintiffs had a legitimate excuse for this last-minute discovery, they should have moved for an extension of the discovery schedule and attempted to show good cause to modify the Case Management Order, as required by Rule 16(b)(4). This avenue is still open to them, upon a proper showing of good cause. As the record now stands, however, the court will not allow either a last-minute deposition without reasonable notice or a de facto, unsupported extension of case

-3-

management deadlines.  Accordingly,

    IT IS ORDERED that defendant's motion for a protective order (docket no. 48) is hereby GRANTED and that the notice of deposition dated June 23, 2009 for defendant Lowe's Home Centers is QUASHED.

Dated:  July 1, 2009                      /s/ Joseph G. Scoville
                                              United States Magistrate Judge